# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff/     Case No. 16-cv-12376
                Respondent,  Case No. 13-cr-20303

v.                                    Judith E. Levy
                                        United States District Judge
Terry Willis,

                                        Mag. Judge David R. Grand
                Defendant/
                Petitioner.

_____/

# OPINION AND ORDER GRANTING PETITIONER'S MOTION TO CORRECT AND/OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 [160]

Petitioner Terry Willis pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 and 28 U.S.C. § 841(b)(1)(C), as well as felon in possession of a firearm after sustaining three previous convictions involving violent felonies in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Willis was sentenced to 168 months for the conspiracy and controlled substances charges and a mandatory minimum of 180 months for the felony firearm charge under the Armed Career Criminal Act ("ACCA"),

to run concurrently. According to Willis, the ACCA no longer applies to him after the Supreme Court's decisions in *Johnson v. United States*, 559 U.S. 133 (2010) and *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), so his 180-month sentence must be vacated. Because two of the four predicate offenses on which his ACCA sentence was based—Michigan armed robbery and Michigan assault with intent to murder—do not have as an element the use or threatened use of violent force, his petition is granted and sentence vacated for resentencing.

## I. Background

As noted by Willis, his criminal history contained the following possible ACCA predicate offenses when he was sentenced: (1) a 1981 conviction for breaking and entering; (1) a 1984 conviction for armed robbery; (3) a 1989 conviction for extortion; and (4) a 1990 conviction for assault with intent to murder, all under Michigan law. (Dkt. 160 at 3.) He argues that both his armed robbery and assault with intent to murder convictions do not qualify for purposes of 18 U.S.C. § 924(e)(b)(i), because they are not enumerated offenses and do not have "as an element the use, attempted use, or threatened use of physical

2

force against the person of another." (*Id.* (quoting 18 U.S.C. § 924(e)(b)(i)).)

Willis does not argue that the extortion and breaking and entering convictions qualify as predicate offenses, so he must establish that neither the armed robbery nor assault with intent to murder convictions qualifies to prevail on his motion. If either qualifies, he would have at least three predicate offenses and the ACCA would thus have been properly applied to him.

## II. Legal Standard

The ACCA imposes a fifteen-year minimum sentence on any defendant who, having been convicted of three prior "violent felonies," is found guilty of being in possession of a firearm. *See* 18 U.S.C. §§ 922(g), 924(e). Relevant here, a violent felony "means any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). And physical force must be "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

## III. Analysis

### *a. Armed robbery under Michigan law, as it stood in 1984, was not a violent felony for purposes of the ACCA*

The parties agree that the armed robbery statute, as it stood at the time of Willis's conviction, was as follows:

> Any person who shall assault another, and shall feloniously rob, steal, or take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony . . . .

(Dkts. 160 at 3, 184 at 7.) The statute is not divisible, that is, it is not comprised of multiple alternative elements that create distinct versions of the crime. *Cf. Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2284 (2013). It must therefore be analyzed under the "categorical approach" to determine whether it has the requisite violent-force element, looking at the "least objectionable conduct that would violate the statute" without regard to the underlying facts of the case. *United States v. Amos*, 501 F.3d 524, 528 (6th Cir. 2007) (quotations omitted).

Under Michigan law, the elements of armed robbery when defendant was convicted were as follows: "(1) an assault, (2) a felonious

4

taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 215 Mich. App. 658, 671 (1996). The "assault" element of the robbery statute included battery, defined as an "intentional, unconsented, and harmful or offensive touching." *People v. Starks*, 473 Mich. 227, 235 (2005). And the Sixth Circuit recently held that even if a criminal statute can be met by "physical contact [that] is not in itself 'capable of causing physical pain or injury,'" if the statute requires "*using* a deadly weapon during [the] encounter," it "elevate[s the] lower degree of physical force into 'violent force' sufficient to establish" the crime "as a 'crime of violence.'" *United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016) (quoting *Johnson*, 559 U.S. at 140) (emphasis added).

But Michigan did not require that a defendant *use* a deadly weapon to be convicted under the armed robbery statute. Mere possession was enough:

> The armed robbery statute . . . embodies two alternative methods for proving a violation of the statute. The first method is proof beyond a reasonable doubt that a dangerous weapon was *possessed, whether or not the weapon was actually seen by the victim*. This alternative represents an

> eminently reasonable legislative determination that the mere possession of a dangerous weapon escalates the risk of violence and the degree of danger to the victim, even if the weapon is not seen by the victim.

*People v. Hayden*, 132 Mich. App. 273, 294 (1984) (emphasis added). For purposes of the ACCA, though, a statute that requires only *possession* of a deadly weapon is insufficient, in contrast with offenses that require the *use* of a deadly weapon:

> By its very nature, of course, armed robbery [in Massachusetts] is a serious and dangerous crime. The possession of a dangerous weapon may indicate a robber's willingness to use that weapon if necessary to accomplish the criminal undertaking. The mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way. As noted, the Massachusetts statute does not require a weapon be used or displayed, or even that the victim be aware of it. There is a material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force. Only the latter falls within ACCA's force clause. Offenses presenting only a risk of violence fall within ACCA's residual clause, see 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), which, as the government concedes, does not apply here. *See Johnson*[], 135 S. Ct. [at] 2563 . . . (holding the residual clause is unconstitutionally vague and, hence, imposing an increased sentence under the residual clause violates the

> Constitution's guarantee of due process). Nor can we presume an implied threat to use a weapon from a defendant's mere possession of it. As we explained in [*United States v.*] *Werle*, [815 F.3d 614, 621-22 (9th Cir. 2016),] "a defendant could be convicted of felony riot if there was a knife in his pocket or a gun within his reach but he did not use or threaten to use physical force. This would not qualify as a crime of violence under the ACCA." The mere possession of a weapon, therefore, does not bring Massachusetts' armed robbery statute within ACCA's force clause.

*United States v. Parnell*, 818 F.3d 974, 980-81 (9th Cir. 2016) (citations omitted); *see United States v. King*, No. 16-501 MV/KK, 2017 U.S. Dist. LEXIS 48646, at *28-29 (D.N.M. Mar. 31, 2017) (finding that armed robbery in New Mexico did not fall under ACCA's force clause for same reason).

As noted above, the Court must look at the "least objectionable conduct that would violate the statute" without regard to the underlying facts of the case. *Amos*, 501 F.3d at 528. Because a defendant could have been found guilty under Michigan's armed robbery statute—as it stood at the time Willis was convicted—by physical contact not in itself capable of causing physical pain or injury and "the mere possession of a dangerous weapon . . . not seen by the

7

victim," *Hayden*, 132 Mich. App. at 294, the statute does not have "as an element the use, attempted use, or threatened use" of "*violent* force" under *Johnson*, 559 U.S. at 140. *See, e.g.*, *Parnell*, 818 F.3d at 981; *King*, 2017 U.S. Dist. LEXIS 48646, at *28-29. Thus, defendant's 1984 conviction for armed robbery is not a predicate offense under the ACCA.

### b. *Assault with intent to murder under Michigan law is not a violent felony for purposes of the ACCA*

Under Michigan law:

> Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years.

MICH. COMP. LAWS § 750.83. "The elements of assault with intent to commit murder are (1) an assault, (2) with the specific intent to commit murder, (3) which, if successful, would make the killing murder." *People v. Beard*, 171 Mich. App. 538, 541 (1988). Assault is defined as "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v. Nickens*, 470 Mich. 622, 628 (2004). And battery "is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person."

8

*Id.* "Therefore, a battery is the successful accomplishment of an attempted-battery assault. . . . Stated differently, an attempted-battery assault is a necessarily lesser included offense of a completed battery because it is impossible to commit a battery without first committing an attempted-battery assault." *Id.*

As set forth above, to qualify as a predicate offense under the ACCA, the statute must have "as an element the use, attempted use, or threatened use" of "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. And as with armed robbery, this statute is not divisible, so it must be analyzed under the "categorical approach" to determine whether it has such an element, looking at the "least objectionable conduct that would violate the statute" without regard to the underlying facts of the case. *Amos*, 501 F.3d at 527.

Because assault, as defined in Michigan, includes *de minimus* touching and even just the attempt at a *de minimus* touching, assault with intent to murder under Michigan law does not include "as an element the use, attempted use, or threatened use" of "*violent* force." *See Johnson*, 559 U.S. at 140. The government argues that the intent

9

to murder is what matters, because the offense cannot be committed without at least "the threat of an act that would cause injury." (Dkt. 184 at 11-12.) And the government cites cases in this district that hold a conviction for assault with intent to do great bodily harm under Michigan law qualifies as a predicate offense under the ACCA. (*Id.*) *See United States v. Colbert*, No. 04-80026, 2017 U.S. Dist. LEXIS 16833, at *4 (E.D. Mich. Feb. 7, 2017) (assault with intent to do great bodily harm less than murder "requires 'an intent to do serious injury.' Accordingly, the Court finds that [Petitioner]'s convictions qualify as violent felonies under the ACCA's elements clause . . . "); *United States v. Thompson,* No. 12-cr-20656, 2015 U.S. Dist. LEXIS 51391, at *17 (E.D. Mich. Apr. 20, 2015) ("Defendant's assault [with intent to cause great bodily harm less than murder] conviction is certainly a crime that 'has an element [of] the use, attempted use, or threatened use of physical force against the person of another.'") (quoting U.S.S.G. § 4B1.2(a)).

But *intending* to use, attempt, or threaten violent force does not make it violent force. The intended use, attempted use, or threatened violence must be "*capable* of causing physical pain or injury to another

person." *Johnson*, 559 U.S. at 140 (emphasis added). A defendant may be convicted under Michigan's statute by having the specific intent to kill and physical contact that is not in itself capable of causing physical pain or injury. Without requiring more—such as the use of a dangerous weapon or a touching reasonably capable of causing death or serious bodily injury—assault with intent to murder in Michigan does not qualify as a predicate offense for purposes of the ACCA. *Cf. United States v. Pittro*, 646 F. App'x 481, 483-84 (6th Cir. 2016) (Florida assault with intent to commit murder qualifies because it requires "an intentional, unlawful threat by word or act to do violence to the person of another coupled with an *apparent ability to do so*, and doing some act which creates a *well-founded fear of such violence being done*") (quotations omitted) (emphasis added); *United States v. McGregor*, No. 07-10312-NMG, 2017 U.S. Dist. LEXIS 3415, at *5 (D. Mass. Jan. 10, 2017) (because Massachusetts definition of armed assault with intent to murder requires "proof of assault (while armed with a dangerous weapon) and a specific intent to kill that equates with malice" and thus "eliminates the possibility that a defendant could be convicted of the subject crime merely by committing an attempted or threatened

11

'offensive touching,'" it qualifies as predicate offense under ACCA); *Owens v. United States*, No. 2:16-cv-463, 2016 U.S. Dist. LEXIS 118923, at *9 (E.D. Va. Sep. 1, 2016) (assault with intent to commit murder satisfies force clause because "perpetrator must not only demonstrate to the victim a *present ability to inflict injury*, but must also cause the victim to have a *reasonable apprehension of immediate bodily harm*") (quotations omitted) (emphasis added).

Within the bounds of the Constitution, it is for Michigan to decide what conduct qualifies as sufficient under its armed robbery and assault with intent to murder statutes. But because Michigan courts have read these statutes to include force that is not capable of causing physical pain or injury, this Court does not view convictions under the statutes as violent felonies within the meaning of the ACCA's force clause.

## IV. Conclusion

Willis's motion to vacate sentence (Dkt. 160) is GRANTED. His sentence is vacated and he will be resentenced.

IT IS SO ORDERED.

Dated: August 11, 2017　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2017.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　Shawna Burns
　　　　　　　　　　　　　　Case Manager