# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

   Plaintiff/Respondent,

v.

Terry Willis,

   Defendant/Petitioner.

_____/

Case No. 16-cv-12376
Case No. 13-cr-20303

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

## OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION [193]

On August 14, 2017, the Court issued an opinion and order granting Petitioner Terry Willis' motion to vacate his sentence on the grounds that two of his four prior convictions, armed robbery and assault with intent to murder, did not qualify as crimes of violence under the Armed Career Criminal Act.  (Dkt. 192.)

Respondent has filed a motion for reconsideration, asking that the Court reconsider in light of the Sixth Circuit's recent decision in *Raybon v. United States*, Case No. 16-2522, 2017 WL 3470389 (6th Cir. Aug. 14, 2017).  In *Raybon*, the Sixth Circuit held that the Michigan's assault with

intent to do great bodily harm qualified as a crime of violence under the ACCA. *Id.* at *5.

## I. Legal Standard

A motion for reconsideration should be granted "if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof." *In re Greektown Holdings, LLC*, 728 F.3d 567, 573–74 (6th Cir. 2013). "A palpable defect is one that is 'obvious, clear, unmistakable, manifest, or plain.'" *Majchrzak v. Cty. of Wayne*, 838 F. Supp. 2d 586, 596 (E.D. Mich. 2011).

## II. Analysis

Respondent requests that the Court reconsider its conclusion that assault with intent to murder does not qualify as a crime of violence in light of the Sixth Circuit's holding that assault with intent to do great bodily harm qualifies. (Dkt. 193.)

In *Raybon*, the Sixth Circuit reasoned that assault with intent to do great bodily harm qualified as a crime of violence for several reasons. First, violent force, as defined by the Supreme Court in *Johnson v. United States*, 559 U.S. 133 (2010), means "force capable of causing physical pain

2

or injury to another person," *id.* at 140, and "[t]hat sounds a lot like 'great bodily harm,' which means 'force or violence to do corporal harm.'" *Raybon*, 2017 WL 3470389, at *4. Second, "the Michigan Model Criminal Jury Instruction for assault with intent to do great bodily harm defines 'great bodily harm' as any 'physical injury that could seriously harm the health or function of the body.'" *Id.* (citing Mich. Crim. J.I. 17.7(4)). Finally, there was no "realistic probability . . . that Michigan would apply the statute to conduct that does not satisfy" the crime of violence requirement of the ACCA. *Id.*

This Court must adhere to Sixth Circuit precedent. And following the reasoning of the Sixth Circuit in *Raybon*, the Court finds that assault with intent to murder qualifies as a crime of violence under section 924(e)(1) of the ACCA. Assault with intent to do great bodily harm is a "necessarily included lesser included offense of assault with intent to murder." *People v. Brown*, 267 Mich. App. 141, 150 (2005); *People v. Moore*, Nos. 224084-224086, 2002 WL 869961, at *10 (Mich. Ct. App. Apr. 30, 2002) (citing *People v. Raper*, 222 Mich. App. 475, 483 (1995)). And because the lesser included offense constitutes a crime of violence, the greater offense also qualifies, as murder would cause harm to the body at

3

least as significant, if not greater than, would be required to satisfy "great bodily harm." *See Brown*, 267 Mich. App. at 150 ("It defies common sense to suggest that a defendant could commit an assault with the intent to kill another person without also intentionally and knowingly inflicting great bodily harm."). Accordingly, the Court concludes it is bound by *Raybon* to hold that assault with intent to murder constitutes a crime of violence.

The Court reaches this conclusion with some reluctance. In *Johnson*, the Supreme Court instructed lower courts to focus on the type and extent of force, i.e., physical force and how significant that physical force is, and to guard against conflating physical force with physical injury. *See Johnson*, 559 U.S. at 140.

As set forth in the August 14, 2017 opinion and order, the elements for assault with intent to murder in Michigan are "(1) an assault, (2) with an actual intent to kill, [and] (3) which, if successful, would make the killing murder." *People v. Escott*, No. 297206, 2011 WL 2507846, at *1 (Mich. Ct. App. June 23, 2011) (quoting *People v. McRunels*, 237 Mich. App. 168, 181 (1999)).

Assault is defined as "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Sutton*, No. 328692, 2017 WL 104548, at *2 (Mich. Ct. App. Jan. 10, 2017) (quoting *People v. Starks*, 473 Mich. 227, 234 (2005)). Battery is defined as the "intentional, unconsented and harmful or offensive touching of the person of another." *Id.* (quoting *People v. Reeves*, 458 Mich. 236, 240 n.4 (1998)).

These definitions indicate that an individual may commit assault with intent to murder through "offensive touching," which the Supreme Court has expressly rejected as satisfying the physical force requirement of section 924(e)(1). *United States v. Castleman*, ___ U.S. ___, 134 S. Ct. 1405, 1411 (2014) (rejecting common law definition of battery, which included offensive touching, as sufficient to satisfy the ACCA because such a reading was a "comical misfit" with "violent felony" and "physical force"). Thus, given that the Court must look to the "least objectionable conduct that would violate the statute," *United States v. Amos*, 501 F.3d 524, 528 (6th Cir. 2007), it appeared to this Court that Michigan's assault with intent to murder statute does not qualify as a crime of violence under the ACCA.

However, the Michigan courts have also indicated that assault with intent to commit murder and assault with intent to do great bodily harm "share the common element of an assault." *People v. Sutton*, No. 328692, 2017 WL 104548, at *2 (Mich. Ct. App. Jan. 10, 2017). And assault for purposes of assault with intent to do great bodily harm is defined as "an attempt or threat with force or violence to do corporal harm to another." *People v. Stevens*, 306 Mich. App. 620, 628 (2014). Thus, if this definition of assault were used for both crimes, it would be manifestly clear that assault with intent to murder qualified as a crime of violence. But given the Michigan courts' inconsistency in how the shared element of assault is defined for these crimes, it is less than clear that assault with intent to murder should constitute a crime of violence.

But, as set forth above, the Court concludes that, under controlling precedent, Michigan's assault with intent to murder statute qualifies as a crime of violence. Accordingly, Petitioner has three qualifying offenses under the ACCA and is not entitled to be resentenced.

## III. Conclusion

For the reasons set forth above, Respondent's motion for reconsideration (Dkt. 193) is GRANTED.

IT IS SO ORDERED.

Dated: August 17, 2017  　　　　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2017.

　　　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　　　Case Manager