# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 13-cr-20303-06

v.        Judith E. Levy
        United States District Judge

Terry Willis,

        Mag. Judge David R. Grand

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [195]

On August 11, 2017, the Court issued an opinion and order granting defendant Terry Willis' motion to vacate his sentence on the grounds that two of his four prior convictions, armed robbery and assault with intent to murder, did not qualify as crimes of violence under the Armed Career Criminal Act (ACCA). (Dkt. 192.) On August 14, 2017, the United States filed a motion for reconsideration, asking that the Court reconsider in light of the Sixth Circuit's decision in *Raybon v. United States*, Case No. 16-2522, 2017 WL 3470389 at *5 (6th Cir. Aug. 14, 2017) (holding that Michigan's assault with intent to do

great bodily harm qualified as a crime of violence under the ACCA). The Court concluded *Raybon* was controlling precedent, granted the United States' motion for reconsideration, and determined that defendant was not eligible for resentencing. (Dkt. 193.)

On August 31, 2017, defendant filed a motion for reconsideration, asking the Court to reconsider its conclusion that defendant is not eligible for resentencing in light of additional Sixth Circuit precedent holding that breaking and entering – one of defendant's prior convictions that was not analyzed in the initial motion to vacate – cannot be considered an ACCA predicate offense. *United States v. Ritchey*, 840 F.3d 310, 321 (6th Cir. 2016). (Dkt. 195.)

## I. Legal Standard

A motion for reconsideration should be granted "if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof." *In re Greektown Holdings, LLC*, 728 F.3d 567, 573–74 (6th Cir. 2013). "A palpable defect is one that is 'obvious, clear, unmistakable, manifest, or plain." *Majchrzak v. Cty. Wayne*, F. Supp. 2d 586, 596 (E.D. Mich. 2011).

## II. Analysis

"[AEDPA] provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, 28 U.S.C. § 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction became final,
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f)(1)–(4).

In the present case, judgment was entered on July 16, 2014. (Dkt. 118.) Because defendant did not appeal, the judgment became final "upon the expiration of the period in which the defendant could have appealed to the court of appeals" which, "in the absence of an actual district court determination of good cause or excusable neglect, [is] ten days after the entry of judgment." *Sanchez-Castellano v. United States*, 385 F.3d 424, 427 (6th Cir. 2004). Therefore, judgment of conviction was final on July 26, 2014. Defendant filed his underlying motion to vacate on June 24, 2016 – nearly two years after judgment of conviction was final.

In his motion, defendant argued that the ACCA no longer applied to him after the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (holding that the residual clause of the ACCA was void for vagueness). Because the Supreme Court recognized a new constitutional right in *Johnson*, and because this right was affirmed to be retroactively applicable on collateral review in *Welch v. United States*, 136 S. Ct. 1256 (2016), individuals had one year from the date on which *Johnson* was decided – July 25, 2015 – to raise applicable claims in a motion brought under 28 U.S.C. § 2255.

4

Defendant's claims under *Johnson* were timely filed and fully adjudicated by the Court.

Defendant's motion for reconsideration, however, requests that the Court "reconsider its conclusion that [defendant] has three qualifying ACCA predicate convictions given that while his motion has been pending the Sixth Circuit has determined that his breaking and entering conviction cannot serve as an ACCA predicate." (Dkt. 195 at 4.) The case to which defendant refers is *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016).

In *Ritchey*, the Sixth Circuit – relying on *United States v. Mathis*, 136 S. Ct. 2243 (2016) – held that "a [breaking and entering] conviction under Mich. Comp. Laws § 750.110 cannot serve as a predicate offense under the ACCA." *Ritchey*, 840 F.3d at 321. The Sixth Circuit, however, has also stated unequivocally that "[*Mathis*] did not announce a new rule of constitutional law made retroactive by the Supreme Court." *In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Unlike the petitioner in *Ritchey*, who challenged the district court's conclusion that his breaking and entering conviction was an ACCA predicate within the one-year statute of limitations imposed by 28 U.S.C. § 2255, defendant

did not raise his challenge to his breaking and entering conviction until the present motion for reconsideration. Because defendant's claim was neither raised within the one-year statute of limitations nor is it a situation where one of the remaining provisions in 28 U.S.C. § 2255(f) is applicable, the claim is time-barred.

In addition arguing that his breaking and entering conviction should not be considered a predicate offense under *Ritchey* and *Mathis*, defendant also argues – for the first time – that "[defendant's] breaking and entering conviction does not appear to have been considered to be an ACCA predicate at the time of his original sentencing" because it was not identified as such in the stipulated factual basis of the plea agreement. For several reasons, this argument does not set forth a palpable defect that would warrant granting a motion for reconsideration.

Most fundamentally, "a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing." *Collins v. Nat'l Gen. Ins. Co.*, 834 F.Supp.2d 632, 641 (E.D. Mich. 2011) (citing *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed.Appx. 668, 672

6

(6th Cir. 2003). Defendant's initial motion to vacate asserts that his criminal history contains "the following possible ACCA predicate offenses: (1) 1981 Breaking and Entering; (2) 1984 Armed Robbery; (3) 1989 Extortion, and (4) 1990 Assault with Intent to Murder." (Dkt. 160 at 3.) Defendant then argued that neither the armed robbery nor the assault with intent to murder convictions qualified as ACCA predicates; he did not challenge the extortion or breaking and entering convictions. Because defendant did not raise this argument in his initial motion, the Court need not entertain the argument in this motion for reconsideration. *See Collins*, 834 F.Supp.2d at 642.

Nonetheless, the Court does not find the argument persuasive on the merits. While it is true that the stipulated factual basis does not include the breaking and entering conviction, the plea agreement also states "[t]he proceedings statement is a summary, made for the purpose of providing the Court with a factual basis for defendant's guilty plea…It does not include all of the facts known to him concerning criminal activity in which he and others engaged." (Dkt. 95 at 7–8.) And, as defendant acknowledges in the present motion, the conviction was noted in the plea agreement's attached criminal history

7

worksheets. (*Id.* at 24.) It was therefore a part of the record for consideration by all parties and the Court at sentencing.

A motion for reconsideration should be granted only in a situation where the movant demonstrates a "palpable defect by which the court and parties have been misled," from which a correction of the defect will result in a "different disposition of the case." *In re Greektown Holdings, LLC*, 728 F.3d 567, 573–74 (6th Cir. 2013). Here, defendant asks the Court to consider an entirely new issue that, even had it been raised in the defendant's initial motion to vacate, would have been time-barred and dismissed.

Accordingly, defendant's motion for reconsideration (Dkt. 195) is DENIED.

IT IS SO ORDERED.

Dated: January 26, 2018    s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                           United States District Judge

8

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2018.

                                                  s/Shawna Burns
                                                  SHAWNA BURNS
                                                  Case Manager